### LICHTENSTEIN MILLINERY CO. v. PECK.

(Supreme Court, Appellate Term. May 15, 1908.)

1. TRIAL—RECEPTION OF EVIDENCE—OFFER OF PROOF—RULINGS ON OFFER.

In an action for wearing apparel sold to defendant's wife, where defendant offered to prove that at the time they were purchased his wife was already supplied with sufficient similar articles, and the trial court excluded the evidence on the ground that the evidence was irrelevant, and unnecessary, because there was no proof at that time that defendant's wife was in need of the goods purchased, defendant was not bound to persist in his efforts to introduce the evidence, or to present it in such form as not to be otherwise objectionable.

2. HUSBAND AND WIFE—ACTION AGAINST HUSBAND ON WIFE'S CONTRACT—NECESSARIES—NECESSITY OF FURNISHING—EVIDENCE.

In an action for wearing apparel sold to defendant's wife, where defendant offered to show that at the time his wife was already supplied with sufficient similar articles, this evidence having been excluded, it was error to render judgment for plaintiff, since defendant might have properly shown as a defense that his wife was amply supplied with such articles when she purchased from plaintiff, or that she had been furnished with money with which to pay for them.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by the Lichtenstein Millinery Company against Samuel W. Peck. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Wolf, Kohn & Ullman (Sol Kohn, of counsel), for appellant.

Julius Offenbach, for respondent.

GIEGERICH, J. This action was brought to recover the sum of $481, being the aggregate price of certain articles of wearing apparel, consisting of dresses, waists, a hat, etc., sold by the plaintiff to the defendant's wife. The theory of the action is that the articles in question were necessaries, considering the wealth of the defendant and his wife's station in life. Upon the trial the defendant, after the plaintiff had rested, offered evidence that at the time his wife made the purchases in question she was already supplied with similar and sufficient articles. The trial justice sustained the objection made by the plaintiff to the admission of the proposed evidence, stating that he based his ruling on the general ground that the evidence offered would not have any bearing on the case as the evidence then stood, because there was no proof at that time that the defendant's wife was in need of the goods which were purchased. No further evidence was given or offered by either side on the point under consideration. Nevertheless the trial justice, after reserving decision and receiving briefs, rendered judgment in favor of the plaintiff.

In attempting to support the judgment, the respondent's attorney endeavors to show that the evidence in form as actually offered was objectionable on other grounds than the broad one upon which the trial judge placed his exclusion; but such grounds need not be considered, because, even if there would otherwise be any merit in them, they were all of such a character that they could have been obviated by further questions and evidence, with which, as was apparent from the record, the defendant's attorney was prepared. When the court sustained the objection on the ground that there was no issue as to the point on which the evidence was sought to be introduced, there was no further necessity, nor, indeed, was there any warrant or justification, for the defendant's attorney to persist in his efforts and to present his evidence in such form as not to encounter the minor objections. That it was error to exclude the proffered evidence, and then to render judgment in favor of the plaintiff, is plain from the decision made in Wanamaker v. Weaver, 176 N. Y. 75, 68 N. E. 135, 65 L. R. A. 529, 98 Am. St. Rep. 621. In that case the defendant sought upon the trial to show the character and amount of clothing possessed by his wife at the time she purchased the goods upon which the action was brought. The evidence was objected to, the objection was overruled, and an exception taken. The Appellate Division reversed the judgment which was rendered in favor of the defendant, taking the view that if the articles purchased by the wife were of the character ordinarily deem-

ed necessaries, such as clothing, the merchant was at liberty to furnish her therewith and charge her husband therefor, without regard to the amount purchased or the necessity therefor. The Court of Appeals, after reviewing various New York state as well as English authorities, reached the conclusion that the Appellate Division had erred and that the true rule applicable to such cases was that the husband might show in defense that the wife was amply supplied with articles of the same character as those purchased, or that she had been furnished with money with which to pay therefor, and that the question of her agency is one of fact, and is not a conclusion of law to be drawn alone from the marital relation.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.